UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------
IN RE:                              )
                                    )    CHAPTER 11
WORLD PROPERTIES, LLC.,             )
                                    )    CASE NO. 14-20535 (ASD)
       DEBTOR                       )
-----------------------------------------------
DF REALTY, LLC,                     )
                                    )
       MOVANT                       )
V.                                  )    RE: ECF NO. 39
                                    )
WORLD PROPERTIES, LLC.,             )
                                    )
       DEBTOR/RESPONDENT            )
-----------------------------------------------
```

**BRIEF MEMORANDUM AND ORDER MODIFYING AND CONDITIONING
THE AUTOMATIC STAY**

After notice and a hearing held July 24, 2014 (hereinafter, the "Hearing") to consider DF Realty, LLC's (hereinafter, the "Movant") *Motion for Relief from Stay* (hereinafter, the "Motion"), ECF No.39, and World Properties, LLC's (hereinafter, the "Debtor") *Objection to Relief from the Automatic Stay* (hereinafter, the "Objection"), ECF No. 43, and the Court having heard and considered argument by the Movant and the Debtor through their respective attorneys, and having considered their pleadings, the Court finds as follows:

1. On March 24, 2014, the Debtor commenced the instant Bankruptcy Case by the filing of a voluntary petition under Chapter 11 designating the nature of its business as involving "Single Asset Real Estate as defined in 11 U.S.C. §101(51B)". Voluntary Petition, B1 (Official Form 1).

2. The Movant's claim is secured by an interest in the Debtor's real estate consisting of 136 acres of undeveloped real property on the easterly side of King Street (Route 5) situated in the Town of Enfield, State of Connecticut, also known as 1697 King Street,

Enfield, Connecticut (hereinafter, the "Property").

3. More than 90 days have passed since the entry of the order for relief in this case and the Debtor has failed to file a plan of reorganization or commence monthly payments as required by Bankruptcy Code §362(d)(3)(A) or (B).

4. In a judgment of foreclosure by sale entered on November 12, 2013, the Connecticut Superior Court determined the fair market value of the Property to be $1,630,000, the secured debt of the Movant to be $1,356,681.80, attorneys' fees to be $6,175, appraisal fee to be $3,500 and a title search fee to be $225.

5. While interest continues to accrue on the debt together with costs and attorneys' fees, the Debtor appears to have equity in the property and the Movant concedes that it is adequately protected at this time.

6. In its opposition to the Movant's Motion, the Debtor has presented to the Court a Purchase Agreement (hereinafter the "Agreement") and Rider to Purchase Agreement (hereinafter, the "Rider") dated July 9, 2014 and entered into by the Debtor as seller and Arnold Peck as purchaser (hereinafter, the "Purchaser") of 135 acres of the Debtor's Property along with a copy of a check made payable to the Debtor's attorney Kevin Mason for $50,000, representing a deposit toward a total purchase price of 4.5 million dollars (Objection, ECF No. 43, Exhibits A & B).

## II. DISCUSSION

The Movant seeks relief from the automatic stay of §362(a) pursuant to §§362(d)(3)(A) and (B) which provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

* * * *

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later -

    (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

    (B) the debtor has commenced monthly payments that -

        (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

        (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;

Bankruptcy Code § 101(51B) defines the phrase "Single Asset Real Estate" to mean:

> real property constituting a *single property or project*, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental [thereto] . . .

(Emphasis added).

The only dispute here is whether the Property constitutes a "single property" or

3

"single . . . project" within the purview of §101(51B).[1]  Upon the filing of the filing of the petition commencing the case the Debtor specifically designated the case as involving "Single Asset Real Estate" as defined in §101(51B).  However, the Debtor asserts the case no longer warrants that designation as pursuant to the Agreement and Rider only a portion of the Property is intended to be conveyed to the Purchaser.

First, the Debtor listed the Property on its schedules as one parcel consisting of 136 acres owned by the Debtor in fee simple. *See* Schedule A.  In addition, the Property appears to be treated as one parcel for tax and zoning purposes.  It further appears that the Debtor entered into an Exclusive Agency Listing Agreement with O,R&L Commercial, LLC, to list for sale the entire Property (135.64 acres), *see 3rd Addendum to Parcel 2, King Street (Route 5) Enfield, CT Brokerage Agreement,* and *PMG Letter of Intent* (regarding potential acquisition of "approximately 136 acres")*,* both attached to a prior Debtor's *Objection to [Movant's] Motion to Dismiss*, ECF No. 20.

Distilled to its essence, through its newly employed strategy -- selling 135 acres of the Property consisting of approximately 136 acres -- the Debtor seeks to obtain a more favorable filing status in bankruptcy through manipulating the terms of a proposed sale by carving out from that sale a *de minimis* parcel of land.  The Debtor scheme ignores the language of §101(51B) providing that even if two parcels do not constitute a "single property" within the purview of the statute, the two parcels may still constitute a "single . . . . project" within its purview and thus, still qualify as a "single asset real estate"debtor.

---

[1] *Inter alia*, the Debtor concedes that the Property generates substantially all of the income of the Debtor (although at present, it generates no income, *see* Monthly Operating Report for May 2014, ECF No. 42); *Cf. In re Oceanside Mission Assocs.*, 192 B.R. 232, 236 (Bankr. S.D. Cal. 1996) (concluding that "single asset real estate" "includes undeveloped property which generates no income"), and that no substantial business other than the maintenance of the Property is being conducted at the Property.

4

Because the carve out is so small as compared to the parcel to be sold, it appears likely that the two parcels will continue to be "linked together in some fashion in a common plan or scheme involving their use." *In re Rear Still Hill Rd., LLC*, Case No. 07-31556, 2007 Bankr. LEXIS 3501 *12 (D. Conn. October 5, 2007), quoting from *In re The McGreals*, 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996). For these reasons, the Court finds the carve out of a *de minimis* piece of the Property from the Agreement and Rider does not alter the "single asset real estate" nature of the Debtor's business.

Having resolved against the Debtor the only dispute regarding the single asset nature of the Property, and the Movant having established the requisite elements of §362(d)(3)(A) and (B), the Movant is entitled to relief by "terminating, annulling, modifying, or conditioning" the automatic stay as provided in §362(d). As discussed hereinafter, the Court determines that modification by conditioning the stay is the appropriate relief.

The Court is fully cognizant that the terms of the Agreement and Rider contain a number of clauses which may present impediments to the successful closing of the sale of the Property. Nevertheless, the Court is not prepared at this time, only four months after the Debtor's bankruptcy filing, to conclude that the Debtor is not making its best efforts to consummate that sale with reasonable diligence. The Court also notes that, if consummated, a sale pursuant to the Agreement and Rider would not only pay the Movant's secured claim and the claim of unsecured creditors in full, but would also offer a sizable monetary return to the Debtor. And the Court is also convinced, in light of the fact that the Movant is adequately protected at this time, that the modifications of the automatic stay placed upon the Debtor as set forth hereinafter will protect the interests of both the Debtor, the creditors of the estate and the Movant.

In accordance with the discussion above,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, **in part** – the automatic stay of §362(a) is modified by conditioning its continuation as follows:

1. The Debtor shall make full payment of the real estate property taxes currently due to the Town Of Enfield, no later than August 1, 2014,

2. On or before September 5, 2014, the Debtor shall file a Disclosure Statement and a Plan of Reorganization that has "a reasonable possibility of its being confirmed within a reasonable time" as set forth in Bankruptcy Code §362(d)(3)(A), and

3. At least preliminary approval of a zoning change regarding the Property from commercial to HD Multi-family from the town of Enfield, Connecticut shall be obtained no later than November 14, 2014, and

**IT IS FURTHER ORDERED** that in the event the Debtor fails to comply with any one of the terms set forth above, the Movant may file an affidavit with the Court, and serve on the Debtor and its counsel, all creditors and the United States Trustee, indicating the nature of the default and, in the absence of a counter-affidavit filed by the Debtor's Counsel within 5 days of service of the Affidavit, limited to controverting the existence of the Default, the Court shall enter an Order granting relief from the stay pursuant to section §362(d)(3) to permit the Movant, and/or its successors and assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to the Property in accordance with applicable state law.

Dated: July 29, 2014                                                BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

6